UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOEL CINTRON-PADILLA,                        )
                                             )
                                             )
                    Plaintiffs,              )    **COMPLAINT**
                                             )
    -against-                                )    **JURY TRIAL DEMANDED**
                                             )
THE CITY OF NEW YORK; POLICE OFFICER         )
KEVIN PADILLA, Shield No. 16328; POLICE      )
OFFICER ANTHONY LUCENT, Shield No. 5435;     )
POLICE SERGEANT KAVILLE CAESAR, Shield       )
No. 3896; JOHN DOES; and RICHARD ROES,       )
                                             )
                    Defendants.              )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil action in which the plaintiff, NOEL CINTRON-PADILLA, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

**JURY TRIAL DEMANDED**

3. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

**VENUE**

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

**NOTICE OF CLAIM**

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on July 30, 2018, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

6. Plaintiff was at all times relevant herein a resident of the State of New York. Plaintiff is Latino.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants POLICE OFFICER KEVIN PADILLA; POLICE OFFICER ANTHONY LUCENT; POLICE SERGEANT KAVILLE CAESAR; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants POLICE OFFICER KEVIN PADILLA; POLICE OFFICER ANTHONY LUCENT; POLICE SERGEANT KAVILLE CAESAR; and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER KEVIN PADILLA; POLICE OFFICER ANTHONY LUCENT; POLICE SERGEANT KAVILLE CAESAR; and JOHN DOES are sued individually.

9. Defendants POLICE SERGEANT KAVILLE CAESAR and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants POLICE SERGEANT KAVILLE CAESAR and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK,

were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE SERGEANT KAVILLE CAESAR and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

10. At approximately 9:00 p.m. on June 27, 2018 Plaintiff was in front of his sister's house, which is located at 2174 Fulton Street, Brooklyn, NY 11233.

11. Plaintiff was inside of his cousin's car, along with his cousin and two of his cousin's friends.

12. Plaintiff's cousin's car's engine was running.

13. Plaintiff's cousin was in the driver's seat.

14. JOHN DOES members of the NYPD pulled up - on information and belief including some or all of Defendants POLICE OFFICER KEVIN PADILLA, POLICE OFFICER ANTHONY LUCENT, and POLICE SERGEANT KAVILLE CAESAR – and told Plaintiff's cousin that the reason they had stopped was because he was parked in front of a fire hydrant.

15. One of the JOHN DOES falsely stated that he smelled marijuana coming from Plaintiff's cousin's car.

16. That JOHN DOE also asked all the occupants of the car if any of them had any marijuana on them.

17. All of the car's occupants except for one of Plaintiff's cousin's friends stated that they did not have any marijuana.

18. Plaintiff's cousin friend stated that he did have marijuana on him.

19. The JOHN DOE asked for the identification of all of the car's occupants.

20. Plaintiff gave the JOHN DOE his identification.

21. The JOHN DOE asked if he could search Plaintiff's cousin's car, and Plaintiff's cousin told the JOHN DOE he could conduct the search.

22. The JOHN DOE removed all the occupants from the car, and made them all stand behind the car.

23. The JOHN DOE searched Plaintiff and the three other men, and then searched the car.

24. After searching the interior of the seating area of the car, the JOHN DOE popped the trunk of the car such that it opened.

25. The JOHN DOE then told Plaintiff and the other three men to sit back inside of the car, and they did so.

26. Plaintiff, in sum and substance, voiced his objection to the fact that the JOHN DOE was searching the trunk while Plaintiff and the other 3 men were put back in the car, from where they could not observe the search, and voiced his concern that contraband could be planted by the police under such circumstances.

27. The JOHN DOE gave a pretextual explanation that he did not trust Plaintiff and the other three men to be outside of the car while he searched it.

28. Plaintiff, in sum and substance, responded that the JOHN DOE's explanation did not make any sense, because he and the other 3 men had already cooperatively waited outside of the car while he searched its interior, and did not try to flee or otherwise do anything problematic.

29. The JOHN DOE grew aggravated with Plaintiff's commentary.

30. Plaintiff, looking back from the back seat of the car, could see the JOHN DOES swiping a card or cards on some type of device behind the car.

31. Two other JOHN DOES arrived at the scene, on information and belief two of Defendants POLICE OFFICER KEVIN PADILLA, POLICE OFFICER ANTHONY LUCENT, and POLICE SERGEANT KAVILLE CAESAR. On information and belief one of them was a Sergeant.

32. A NYPD prisoner transport vehicle also arrived at the scene, with approximately four or five JOHN DOES officers in it, possibly including some or all of Defendants POLICE OFFICER KEVIN PADILLA, POLICE OFFICER ANTHONY LUCENT, and POLICE SERGEANT KAVILLE CAESAR.

33. Plaintiff and the three other men were again removed from the car, again searched by the JOHN DOES on the scene, and placed under arrest.

34. The JOHN DOES placed handcuffs on Plaintiff with an excessive and punitive tightness.

35. Plaintiff asked that the handcuffs be loosened, but that request was denied.

36. Plaintiff asked at the scene for an explanation for why he was being arrested, but no explanation was provided to him.

37. Plaintiff and the other men were placed in the NYPD prisoner transport wagon.

38. The JOHN DOES in the transport wagon were unnecessarily aggressive with Plaintiff.

39. One of the JOHN DOES searched Plaintiff again, and told Plaintiff he could search Plaintiff as much as he wanted.

40. Plaintiff was taken to the NYPD PSA-2 housing precinct.

41. At the precinct Plaintiff was told that he had been arrested because the JOHN DOES had found a fraudulent credit card in the trunk of the car he had been a passenger in.

42. Plaintiff knows nothing about any such credit card (if one was indeed found in the trunk of the car) and there was no reasonable basis for the JOHN DOES to believe he had anything to do with it (assuming *arguendo* that it was actually found there).

43. Plaintiff was fingerprinted, photographed, and searched again at the precinct.

44. Plaintiff was in the excessively tight handcuffs for approximately 30-35 minutes before the handcuffs were removed.

45. After a period of time at the precinct, Plaintiff was brought to Brooklyn Central

Booking.

46. Over 24 hours later, at approximately 1 a.m. on June 29, 2018 Plaintiff was released from Central Booking without ever seeing a judge.

47. The Brooklyn District Attorney's Office declined to prosecute Plaintiff.

48. Upon Plaintiff's release from Central Booking he went back to the NYPD PSA-2 housing precinct to retrieve his possessions that had been taken from him by the JOHN DOES.

49. Defendant POLICE OFFICER KEVIN PADILLA's tax ID number is listed in the field for the invoicing officer on the NYPD Property Clerk Invoice that was provided to Plaintiff at NYPD PSA-2, and Defendant POLICE SERGEANT KAVILLE CAESAR's tax ID number is listed in the field on that form for the supervisor approving.

50. Defendant POLICE OFFICER ANTHONY LUCENT's shield number and illegibly hand-written signature are written on a Central Booking Prisoner's Property Form that was given to Plaintiff related to the removal of his shoelaces at Central Booking.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

51. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52. By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, unlawfully searching and seizing plaintiff and his property, violating and retaliating for the exercise of First Amendment rights of plaintiff, abusing process against plaintiff, fabricating evidence against plaintiff, violating plaintiff's right to equal protection of law, conspiring against plaintiff, failing to intercede on behalf of the plaintiff, and

in failing to protect the plaintiff from the POLICE OFFICER KEVIN PADILLA; POLICE OFFICER ANTHONY LUCENT; POLICE SERGEANT KAVILLE CAESAR, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

53. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE SERGEANT KAVILLE CAESAR and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

56. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged

and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

57. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

59. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD. These policies, practices, customs, and usages were a

direct and proximate cause of the unconstitutional conduct alleged herein.

61. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

62. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

63. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, frisks, searches, and arrests, which are implemented disproportionately upon black and Latino people, particularly young men of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

64. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of pretending to smell marijuana during car stops to fabricate a justification for unlawful stops and searches of vehicles. *See*, e.g., July 25, 2019 Decision in People v. Hill and Willis, Ind. No. 853-2017, Bronx County Supreme Court (Newbauer, J.).[1]  Justice Newbauer in Hill and Willis granted defendants' suppression motion and commented as follows: "This case illustrates why the time has come to reject the canard of marijuana emanating from nearly every vehicle subject to a traffic stop. So ubiquitous has police testimony about odors from cars become that it should be subject to a heightened level of scrutiny if it is to supply the grounds for a search." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

65. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM**

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS**

66. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

67. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and

---

[1] The Decision was discussed in the following September 12, 2019 New York Times article by Joseph Goldstein:  https://www.nytimes.com/2019/09/12/nyregion/police-searches-smelling-marijuana.html?action=click&module=Latest&pgtype=Homepage

employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

68. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

69. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

70. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

72. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73. By the actions described above, defendants caused plaintiff to be falsely arrested

and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### TRESPASS

75. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76. The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

77. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

78. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

79. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

81. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

82. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### ABUSE OF PROCESS

84. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

85. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.

The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### CONSTITUTIONAL TORT

87. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

88. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

89. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

90. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           September 25, 2019

                                                                            /S/  Jeffrey A. Rothman
                                                                JEFFREY A. ROTHMAN, Esq.
                                                                Law Office of Jeffrey A. Rothman
                                                                315 Broadway, Suite 200
                                                                New York, New York 10007
                                                                (212) 227-2980

                                                                Attorney for Plaintiff