USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

NOEL CINTRO-PADILLA,

                       Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                      Defendants.

------------------------------------------------------------X

19-cv-8907 (LAK) (RWL)

**Order**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order addresses Defendants' motion to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Defendants' motion is GRANTED.

Plaintiff resides in the Eastern District, all the events described in the complaint occurred in the Eastern District, and the three individual defendant officers each work in the Eastern District. Convenience of the parties and witnesses and the interests of justice thus favor transfer.

The only reason provided by Plaintiff for denying transfer is that defense counsel is located in the Southern District, and Plaintiff counsel's office is located in Manhattan just two blocks from the federal courthouse. While Plaintiff's choice of forum ordinarily deserves considerable deference, that is far less so where, as here, the district chosen is not the Plaintiff's home district. Meanwhile, convenience of the parties' attorneys generally is given little to no consideration in the weighing of interests. Plaintiff argues, however, that maintaining venue in this District will benefit not merely him but rather all of his clients as he will be able to conduct virtually all of his cases in a single courthouse

1

that is nearest him, thereby allowing him to appear at more court conferences in less time and devote more time to representing his clients. That theoretically may be so, but it does not sufficiently counter the other factors that favor transfer to the Eastern District.

This Court also is guided in this particular case by the decision of Judge Kaplan, who is the presiding District Judge in this case, in Montgomery v. City of New York, No. 19-CV-1088 (LAK), Dkt. 8 (S.D.N.Y. Feb. 19, 2019). In that decision, virtually indistinguishable from this one on the relevant facts and litigated by the very same Plaintiff counsel in this case, Judge Kaplan rejected Plaintiff's convenience-of-counsel arguments and transferred the case to the Eastern District.

Plaintiff points out that after Judge Kaplan's decision in Montgomery, another Judge in this District reached a different result, denying transfer in a similar case brought by the same Plaintiff counsel as here and Montgomery. See Savarese v. City of New York, No. 18-CV-5956 (ER), 2019 WL 2482387 (S.D.N.Y. June 13, 2019). Plaintiff also observes that the opinion in Savarese is far more developed, at least on paper, than that in Montgomery and warrants denying transfer here. As Defendants note, however, Savarese did not present as strong a case for transfer because, unlike here, some of the defendant officers in that case worked in the Southern District.

Accordingly, the Court finds that Defendants have clearly and convincingly demonstrated that, in this specific instance, transfer is appropriate. Defendants' motion is GRANTED, and this case shall be transferred to the Eastern District of New York. The Clerk of Court is respectfully requested to terminate the motion at Dkt. 21 and transfer the case.

Dated:    February 14, 2020
New York, New York

SO ORDERED:

_____  2/14/2020
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Copies transmitted to all counsel of record.